In the Matter of the Application of ISABELLA VERDECANNA, Petitioner, against WILLIAM F. CAREY, as Treasurer and Trustee of the Relief and Pension Fund of the Department of Street Cleaning, Respondent.

Supreme Court, Special Term, New York County, December 6, 1938.

Samuel Resnicoff [Samuel J. Joseph of counsel], for the petitioner.

William C. Chanler, Corporation Counsel [Thomas W. A. Crowe of counsel], for the respondent.

WASSERVOGEL, J. Petitioner, the widow of a deceased " regular " sweeper of the department of sanitation, applies for an order pursuant to the provisions of article 78 of the Civil Practice Act directing the respondent, commissioner of sanitation, as trustee of the relief and pension fund of the department, to award her a pension of $600 per annum, effective September 1, 1937. It is conceded that the deceased served as an " extra " sweeper for a period of nine and one-half months and as a " regular " sweeper for nine years and four months.

Petitioner contends that an " extra " sweeper is a member of the uniformed force and that since petitioner's decedent, both as an " extra " and as a " regular " sweeper, had rendered ten years of service she as his widow is entitled to the pension prescribed for widows by section 552 of the Greater New York Charter as amended.

The relief and pension fund for the department of street cleaning, predecessor to the present department of sanitation, was created by chapter 839 of the Laws of 1911 which added section 548 of the Greater New York Charter. This section provides that the pension fund " shall be made up, administered and used for the benefit of the members of the clerical and uniformed forces of the department of street cleaning as defined by section five hundred and thirty-six of the charter, and the incumbents of such other positions in said department as have been created and not specified in section five hundred and thirty-six of the charter."

Examination of section 536 indicates that an " extra " sweeper is not included in the uniformed force of the department. With respect to the position of " extra " sweeper this section provides: " In case of snowfall or other emergency, the commissioner of street cleaning or the deputy commissioner may hire and employ temporarily such and so many men, carts and horses as shall be rendered necessary by such emergency * * *, but no man, cart or horse shall be so hired or employed for a longer period than three days except that any person registered or eligible to appointment as a driver, or as a sweeper, may be temporarily employed

at any time as an *extra* driver or sweeper to fill the place of a driver or sweeper who is suspended or temporarily absent from duty from any cause."

"Extra" sweepers so appointed, however, are not members of the uniformed force and, therefore, not eligible for membership in the relief and pension fund. Under the circumstances the period of service of petitioner's deceased as "extra" sweeper may not be considered in computing his total service in the department for the purpose of determining his status as a member of the relief and pension fund. Petitioner's deceased husband, therefore, was not eligible at the time of his death to receive the benefits of said fund, and the action of the commissioner in denying petitioner's application for a pension allowance was proper. Motion denied and petition dismissed.

Settle order.